STATE of Iowa, Appellee,

v.

Dale Eugene SCHMIDT, Appellant.

No. 64650.

Supreme Court of Iowa.

Nov. 25, 1981.

Francis C. Hoyt, Jr. of State Appellate Defender's Office, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen., and Carlynn D. Reich, Asst. County Atty., for appellee.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

LeGRAND, Justice.

This appeal involves the admission at trial of evidence defendant claims was obtained in violation of his right to counsel. We affirm defendant's conviction and subsequent sentence.

Defendant was arrested and charged with operating a motor vehicle while under the influence of an intoxicating liquor in violation of section 321.281, The Code. He submitted to a breath test, after refusing a blood test, and the officers took a video tape statement from him. Both of these items were used to convict him. He raises on appeal only the claim that these matters were inadmissible under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and *State v. Munro*, 295 N.W.2d 437 (Iowa 1980).

█ The controversy concerns defendant's request for an attorney. He says he made such a request and he is supported in this by his wife. Much of the argument between the parties is devoted to whether defendant was entitled to *appointed* counsel. However, we believe that is unimportant. If defendant requested an attorney, the police (absent a subsequent waiver) may

not thereafter question him. *Miranda*, 384 U.S. at 473–74, 86 S.Ct. at 1627, 16 L.Ed.2d at 723; *Munro*, 295 N.W.2d at 443–44. It makes no difference for this purpose whether defendant is indigent or affluent. He is simply an accused who wants the advice of an attorney.

▮▮ This matter was raised at a pretrial motion (which we consider as a motion in limine) at which defendant represented himself. The trial court ruled the evidence would be admitted. Under our decisions this ruling cannot be used as the grounds for appeal. *State v. Garrett*, 183 N.W.2d 652, 655 (Iowa 1971). At trial (when defendant was represented by counsel) the officer who gave the breath test was testifying when the following objection was made:

> DEFENSE COUNSEL: Your Honor, I would like to make an objection here. I think at this point ... defendant made a request for counsel [at the police station]. I believe that the request might have been refused, and I think any further evidence would violate the defendant's right to counsel.
>
> THE COURT: The matter has already been ruled on. It's overruled.

▮▮ Aside from the point that this objection was so general as to be virtually meaningless, we find it was later waived by counsel for the following reasons.

When the results of the breath test were offered, defendant's counsel made this statement: "I have no objection to the introduction of this evidence." Later, when the video tape was offered, defendant's attorney said: "I have no objections, Your Honor." After this, the tape was shown to the jury.

This presents a baffling situation as far as preservation of error is concerned. Counsel both objected and consented to the damaging evidence. Defendant cannot have it both ways. He cannot both object and consent to evidence if he expects to preserve error for appeal. It is true an objection, once made and overruled, need not be asserted repeatedly to the same type

of evidence. *Nepple v. Weifenbach*, 274 N.W.2d 728, 732 (Iowa 1979). But that is not the case here. Here counsel did not simply remain silent and rely on the questionable objection already made. He affirmatively stated—*twice*—that he had no objection to the very evidence whose admission he now says amounted to reversible error. There is scant authority on this question. In 89 C.J.S. *Trial* § 661 (1955), this appears:

> Error in the admission of evidence may be waived by some subsequent affirmative act amounting to an express or implied assent to the reception of the evidence.

The Nebraska Supreme Court considered a similar problem in *In re Kaiser's Estate*, 150 Neb. 295, 34 N.W.2d 366 (1948). In *Kaiser*, an attorney had objected at trial to the introduction of certain evidence, but then said he "would be glad to have the jury see [the evidence]." *Id.* at 307, 34 N.W.2d at 734. On appeal, the Nebraska Supreme Court summarized this inconsistent approach as follows:

> In other words, the [moving party] objected to the introduction of the evidence for the purpose of making and preserving the record upon appeal, but at the same time consented to its introduction, doubtless to avoid an unfavorable impression upon the minds of the jury.

*Id.* at 308, 34 N.W.2d 374. The court concluded that, under these circumstances, error had been waived.

On the record before us we hold defendant waived his objection to admission of the results of the breath test and the video tape recording. Thus, we do not reach the question whether defendant's right to counsel was violated by the state. The judgment is affirmed.

AFFIRMED.