**STATE of Iowa, Appellee,**

v.

**Richard Eugene RIEKE, Appellant.**

**No. 95–132.**

Court of Appeals of Iowa.

Nov. 27, 1995.

Thomas G. Reidel of Conway & Reidel, Muscatine, for appellant.

Thomas J. Miller, Attorney General, Angelina M. Smith, Assistant Attorney General, Richard R. Phillips, County Attorney, and Christine Dalton, Assistant County Attorney, for appellee.

Considered by DONIELSON, C.J., and SACKETT and CADY, JJ.

CADY, Judge.

This is an appeal from a jury verdict finding Richard Rieke guilty of operating a motor vehicle while intoxicated, second offense. On appeal he contends the district court erred by failing to suspend the trial and conduct a competency hearing. We affirm the court's denial of the motion to suspend proceedings.

Rieke's car was stopped by members of the Muscatine Sheriff's Department because of complaints he had previously been swimming nude. During the stop, officers noticed a cold, open container of beer in the car. The officers also observed a very strong alcoholic odor on Rieke's breath, his slow response to questions and apparent confusion, his glassy and bloodshot eyes, his slurred and sometimes incomprehensible speech, and his staggered and swayed balance. Rieke also performed field sobriety tests very poorly.

While being transported to the Muscatine County Sheriff's Department, Rieke apparently lunged forward and slammed his head into the rear passenger window, then fell over in the seat. When Rieke would not move to get out of the car, the officers had him taken to the hospital. Physicians found no bruising, external or internal injuries, and no reasons for the defendant's "unconsciousness." Throughout the examination, Rieke would lie on the bed feigning unconsciousness when asked questions from the officers, yet sit up, respond, and cooperate when talking with medical personnel.

Approximately one month before the trial, Rieke became involved in an automobile accident. He had, however, prior to the accident testified about the OWI incident at an administrative hearing. Prior to jury selection, counsel for Rieke moved for the court to suspend the proceedings in order for a psychiatric evaluation of Rieke since he no longer could recall any of the events leading up to the arrest. The court found Rieke's contentions to be lacking in credibility, yet reserved ruling and agreed to monitor the defendant's conduct to determine his competency to stand trial.

Counsel for Rieke renewed the motion to suspend proceedings at the close of the State's case. The court remarked the defendant was engaging in acts designed for the purpose of frustrating the prosecution and refused to grant the motion at that time, but agreed to keep it under consideration. The jury found Rieke guilty of operating a motor vehicle while intoxicated.

The district court then issued a written ruling denying Rieke's motion to suspend proceedings, noting Rieke's claim of amnesia was consistent with Rieke's previous actions to avoid prosecution. At sentencing, counsel for Rieke did not raise the issue of competency.

Rieke appeals the district court's denial of his motion to suspend proceedings contending the court violated his due process rights by not ordering a competency hearing. The State claims Rieke has waived his rights to appeal this issue by failing to reassert his claim at sentencing.

## I. Preservation of Error

■ We find Rieke adequately preserved error on appeal by raising this issue both prior to jury selection and at the close of the evidence. While counsel for Rieke failed to raise the issue at sentencing, the trial court had ample opportunity to address the issue of competency. We now have an opportunity to review the court's decision to deny Rieke's motion to suspend proceedings.[1]

1. The State relies upon *State v. Schmidt,* 312 N.W.2d 517 (Iowa 1981) to support its theory Rieke waived error when he never raised the issue at sentencing. A careful reading of *Schmidt* leads us to find the case inapplicable to

Rieke's situation. In *Schmidt* the court refused to allow a defendant to claim error in the introduction of a breath test and a video tape. The defense counsel objected during testimony of an officer that the testimony and any further evi-

## II. Standard of Review

We review a trial court's denial of a motion to suspend proceedings de novo. *State v. Mann*, 512 N.W.2d 528, 531 (Iowa 1994). Competency to stand trial is a legal question and trial court discretion is not involved. *State v. Stanley*, 344 N.W.2d 564, 570 (Iowa App.1983). When a defendant alleges error involving a constitutional right, such as here, we make an independent evaluation of the totality of the relevant circumstances to determine if such an error was made. *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975); *State v. Jeffries*, 417 N.W.2d 237, 239 (Iowa App.1987).

## III. Competency

Due process requires a hearing be held to determine the competency of a defendant where there is sufficient doubt of the defendant's mental capacity to stand trial. *Drope v. Missouri*, 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103, 118 (1975). Moreover, Iowa Code section 812.3 (1993) requires a trial court to suspend the proceedings and order a hearing to determine competency when "it reasonably appears that the defendant is suffering from appreciating the charge, understanding the proceedings, or assisting effectively in the defense."

A strong presumption exists that a defendant is competent to stand trial. *Jones v. State*, 479 N.W.2d 265, 270 (Iowa 1991). The burden to prove incompetency to stand trial by preponderance of the evidence rests with the defendant. *State v. Martens*, 521 N.W.2d 768, 770 (Iowa App.1994); Iowa Code § 812.3 (1993). If the evidence on competency is in equipoise, presumption of competency prevails. *Id.* Moreover, appellate review of a trial court's denial of a motion to suspend is to determine " 'whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial.' " *Mann*, 512 N.W.2d at 531

(quoting *Griffin v. Lockhart*, 935 F.2d 926, 930 (8th Cir.1991)).

We find a reasonable judge would not have doubted Rieke's competency to stand trial. At trial Rieke exhibited no outward signs of irrationality in his conduct or demeanor. No medical evidence was presented to explain any injuries from the automobile accident. Even though Rieke claimed partial amnesia, this alone will not render an accused incompetent to stand trial. *See State v. Emerson*, 375 N.W.2d 256, 261 (Iowa 1985) (amnesia about events surrounding a charge alone does not make a person incompetent to stand trial).

Courts look to various factors to determine the nature and extent of a defendant's impairment, including:

1. The defendant's ability to testify and otherwise participate in his or her defense;

2. Whether the amnesia is temporary or permanent;

3. Whether the crime and defendant's whereabouts at the time of the crime can be reconstructed without the defendant's testimony, including any facts giving rise to a defense;

4. Whether access to the prosecutor's files would assist in preparing for trial;

5. The strength of the prosecutor's case against the defendant.

*Martens*, 521 N.W.2d at 771.

Here Rieke's memory failure prevented him from testifying at trial, but he was otherwise able to assist in his defense prior to trial and the accident. He also was able to fully testify about the arrest and incidents leading up to the arrest at an administrative hearing. No evidence indicates the alleged memory loss is temporary in nature, which would justify postponing the trial. The testimony of arresting officers provided sufficient information to reconstruct the crime. The defendant also had ample access to view the prosecutorial files, which contained a great deal of information concerning the arrest. Finally, the State presented a strong case indicating

---

dence was obtained improperly, but later did not object when the evidence was offered into evidence. The court in *Schmidt* noted the defendant is not able to both object and later consent

to the introduction of evidence. Here, Rieke has never impliedly or expressly consented to the trial court's denial of a his motion to suspend.

a conviction would likely have resulted even if Rieke's memory impairment did not exist. Rieke's recent memory loss did not "significantly impact his defense." *Martens,* 521 N.W.2d at 771–72.

We also question Rieke's claim of amnesia considering his previous actions to avoid prosecution. The trial judge reasonably took this information into consideration while observing Rieke's demeanor throughout the trial. *See State v. Lyon,* 293 N.W.2d 8, 12 (Iowa 1980) (trial judge may observe and determine the need for a competency hearing while at the same time acting as a fact finder). Under the totality of the circumstances, we find the trial judge properly denied Rieke's motion to suspend the proceedings in order to hold a competency hearing.

**AFFIRMED.**