# IN THE COURT OF APPEALS OF IOWA

No. 17-1265
Filed December 5, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALAN LEE HERGENRADER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Monona County, Patrick H. Tott, Judge.

Defendant appeals his conviction for operating while intoxicated. **AFFIRMED**.

Bryan R. Goodman of Goodman Law Firm, LLC, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Alan Hergenrader appeals his conviction and sentence for the crime of operating while intoxicated, first offense.[1]  First, Hergenrader argues his booking video should have been admitted in its entirety with sound, citing Iowa Rule of Evidence 5.106.  Second, Hergenrader argues the video, *The Truth is in the Eyes*, should not have been admitted as a demonstrative exhibit because the State did not lay a proper foundation and it was irrelevant and unfairly prejudicial.  Since defense counsel conceded the audio was not critical to Hergenrader's defense, we find the district court did not abuse its discretion by playing the entire booking video without audio.  In addition, we find the district court did not abuse its discretion by admitting the demonstrative video.

## I.  Background Facts and Proceedings

On July 1, 2016, in the late afternoon, Sergeant Michael Kober with the Iowa State Patrol pulled over a vehicle for speeding; Hergenrader was the driver.  Sergeant Kober testified he noticed some empty beer bottles on the floorboard behind the driver's seat and detected "a slight odor of alcohol coming from the vehicle."

Sergeant Kober administered the horizontal gaze nystagmus (HGN) test and found Hergenrader scored four out of six clues indicating intoxication.  Additionally, Sergeant Kober had Hergenrader perform the walk-and-turn and the one-leg-stand field sobriety tests.  Sergeant Kober determined Hergenrader failed

---

[1] Iowa Code section 321J.2(1)(b) (2016) provides, "A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state . . . [w]hile having an alcohol concentration of .08 or more."  A first offense is a serious misdemeanor. Iowa Code § 321J.2(2)(a).

both of those tests. Hergenrader was then transported to the county jail where he provided a breath sample, which revealed his blood alcohol content was .094 percent.

Hergenrader was charged with the offense of operating while intoxicated, first offense. A jury trial was held from June 6 to 9, 2017. On July 21, 2017, Hergenrader was convicted and sentenced to thirty days in jail, with twenty-eight of those days suspended; ordered to complete Drinker Driving School; ordered to pay fines plus surcharges; placed on a one-year probation; and ordered to receive a substance abuse evaluation. Additionally, Hergenrader's privilege to operate a motor vehicle was suspended for 180 days. Hergenrader appeals.

## II. Standard of Review

We review a district court's ruling on the admissibility of evidence based on Iowa Rule of Evidence 5.106 for an abuse of discretion. *State v. Austin*, 585 N.W.2d 241, 243 (Iowa 1998). "We find an abuse of discretion only when the party claiming such shows that the court exercised the discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997). Furthermore, "[a]dmission or exclusion of demonstrative evidence rests largely within the trial court's discretion; therefore, we will not interfere unless the trial court has abused that discretion." *State v. Thornton*, 498 N.W.2d 670, 674 (Iowa 1993).

## III. Admissibility of the Booking Video

On appeal, Hergenrader argues the district court should have admitted the entire booking video with audio. He asserts the court "allowed the State to present a very lopsided version of events through law enforcement testimony and

statements" where only the defendant's incriminating statements were played. At the pretrial conference, defense counsel argued that under Iowa Rule of Evidence 5.106, Hergenrader "should be able to supplement the remaining portions of the video to give a fair and accurate picture of what actually happened in the booking room, rather than let the jury speculate." The prosecutor stated that "requir[ing] the State to play the whole video with the defendant's statements which he made not under oath, not subject to cross-examination, not with that same indicia of reliability, would be unfair." Hergenrader's defense counsel responded:

> [I]f the State is concerned about the audio component, Your Honor can order that it be played and presented if it goes back to the jury with no audio available. But the more important part, and the part that I think we think is important, is the visual things that are happening on that tape, or that recording, to show his physical manifestations as to sitting down, standing up, walking, that kind of thing . . . .

Following this concession, the district court admitted the entire booking video, which was approximately ninety minutes in duration, to be played without audio.

Hergenrader's issue presented on appeal goes beyond what he agreed to at the pretrial conference. He may not argue on appeal that which he conceded at pretrial. *See State v. Terry*, 569 N.W.2d 364, 369 (Iowa 1997) (holding the defendant had waived his objection to the admission of evidence when counsel withdrew the objection at trial); *State v. Schmidt*, 312 N.W.2d 517, 518 (Iowa 1981) (finding error had been waived after defense counsel consented to the introduction of evidence at trial and explaining a defendant "cannot both object and consent to evidence if he [or she] expects to preserve error for appeal."). Therefore, with Hergenrader's concession below, the district court did not abuse its discretion in allowing the video to be played without audio.

**IV. Admissibility of *The Truth is in the Eyes***

Next, Hergenrader argues the video, *The Truth is in the Eyes*, depicting the HGN test, should not have been played during trial. Prior to the trial, Hergenrader filed a motion in limine, claiming "[t]here [was] no foundation for the use or introduction of this video and there [was] no nexus between the video and this case." The court reviewed the video and allowed redacted portions to be admitted but with no audio. The admitted portion of the video depicted two different people partaking in an HGN test and was approximately two minutes in duration. Hergenrader argues the video lacked proper foundation, it is irrelevant because it "does not tend to make any consequential fact more or less probable," and "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The State argues the admission of the video was proper, relevant, and not prejudicial.

Regarding proper foundation, "[d]emonstrative evidence is usually received if it affords a reasonable inference on a point in issue." *Thornton*, 498 N.W.2d at 674. A witness who authenticates demonstrative evidence, "need only know about the facts represented or the scene or objects photographed, and once this knowledge is shown he [or she] can say whether the [exhibit] correctly and adequately portrays these facts." *State v. Sayles*, 662 N.W.2d 1, 8 (Iowa 2003) (quoting *Hutchison v. Am. Family Mut. Ins. Co.*, 514 N.W.2d 882, 890 (Iowa 1994)). Before deciding to arrest Hergenrader, Sergeant Kober performed various field sobriety tests, including the HGN test. To the jury, Sergeant Kober described each of the tests in detail and what clues indicated whether a person was under the influence of alcohol. With regard to the HGN test, Sergeant Kober first described

the test and then the video was played while Sergeant Kober explained the meaning of both smooth and jerky, or involuntary, eye movements. The sergeant testified that the video was an accurate portrayal of how alcohol affects a person by way of involuntary eye movement. Because the sergeant discussed how the test was performed, explained the clues that indicate potential intoxication, and noted the accuracy of the demonstration, we find proper foundation was laid for the video. *See id.* (holding proper foundation was laid for a demonstrative slide presentation because a witness "knew of the facts represented by the slide presentation and . . . was able to positively state that the slides adequately portrayed those facts.").

"The relevancy of demonstrative evidence is usually a question to be determined by the proper exercise of the trial court's discretion." *State v. Badgett*, 167 N.W.2d 680, 688 (Iowa 1969). Evidence is considered relevant if "[i]t has any tendency to make a fact more or less probable than it would be without the evidence" and "[t]he fact is of consequence in determining the action." Iowa R. Evid. 5.401. At the pretrial conference, the district court found the video "would be beneficial for demonstrative purposes only to allow the jury to see what nystagmus looks like." Since the district court could have reasonably found the video helpful to establish the impairment or intoxication of Hergenrader, we find the district court did not abuse its discretion in finding the video to be relevant. *See Badgett*, 167 N.W.2d at 688.

Finally, Hergenrader argues even if the video had proper foundation and was relevant, it should be inadmissible because it is unfairly prejudicial. "The court may exclude relevant evidence if its probative value is substantially outweighed by

a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Iowa R. Evid. 5.403. "Evidence is unfairly prejudicial if it, '[a]ppeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action that may cause the jury to base its decision on something other than the established propositions in the case.'" *State v. Price*, 692 N.W.2d 1, 5 (Iowa 2005) (quoting *State v. White*, 668 N.W.2d 850, 854 (Iowa 2003)). Sergeant Kober did not compare the video to Hergenrader's test results but instead pointed out the eye movements—smooth or jerky—and how those certain clues indicate possible intoxication. The district court limited the video by only allowing portions that depicted human eye movements rather than animations. No reference to the title of the video was made in the presence of the jury. Additionally, the district court required the video to be played without audio and the text in the video to be removed. The district court took various precautions to mitigate any unfair prejudice from this video, and therefore, we find it did not abuse its discretion.

## V. Conclusion

We find the district court did not abuse its discretion in playing the entire booking video without audio and admitting the demonstrative video.

**AFFIRMED.**