# IN THE COURT OF APPEALS OF IOWA

No. 21-1126
Filed October 5, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LESTINE PEARL MARTIN,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Russell G. Keast, District Associate Judge.

A defendant challenges the sufficiency of the evidence supporting her conviction for possession of a controlled substance (marijuana). **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

While interviewing Lestine Martin in her home about a domestic disturbance, a police officer saw a small plastic baggie sitting on the coffee table in Martin's living room. The officer recognized the "green leafy like substance" in the bag as marijuana on sight. Martin was the only adult who lived in the home.[1] She was arrested, Mirandized, and asked about the marijuana—she denied it was hers. Among other charges, Martin was charged with possession of a controlled substance in violation of Iowa Code section 124.401(5) (2020). In the midst of trial, Martin stipulated that the substance officers found was marijuana. Ultimately, a jury found her guilty on the possession charge. She filed a motion for judgment of acquittal and argued the State had not proved beyond a reasonable doubt that she was in possession of the marijuana; the district court denied the motion and Martin now appeals.[2]

We review a challenge of insufficient evidence for correction of errors at law. *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018). "In evaluating sufficiency-of-evidence claims, we will uphold a verdict if substantial evidence supports it." *State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019). "Evidence is substantial if it

---

[1] Martin has three children who live in the home for part of each week, the oldest of whom was twelve at the time of trial. In the days leading up to the officers coming into Martin's home, the children had been with their father.

[2] Here on appeal, Martin also argues the State failed to prove the substance was marijuana. But, as she stipulated to this fact at trial, we consider the issue waived. *Cf. State v. Brown*, 656 N.W.2d 355, 360–61 (Iowa 2003) ("Generally, a stipulation to the admission of testimony at trial constitutes a waiver of any objection to the testimony raised prior to trial."); *State v. Schmidt*, 312 N.W.2d 517, 518 (Iowa 1981) (noting the "[d]efendant cannot have it both ways"; objecting to and then consenting to the damaging evidence does not preserve error for appeal).

could convince a rational fact finder that the defendant is guilty beyond a reasonable doubt." *State v. Bayles*, 551 N.W.2d 600, 608 (Iowa 1996).

At trial, the State argued Martin was in constructive possession of the marijuana. *See State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016) ("Constructive possession exists when the evidence shows the defendant 'has knowledge of the presence of the controlled substance and has the authority or right to maintain control of it.'" (citation omitted)). According to the officer who testified at trial, Martin admitted knowing the substance was marijuana but said it belonged to another person and if "that's what they do, then that's their business." Constructive possession is determined based "on the peculiar facts of each case," *State v. Webb*, 648 N.W.2d 72, 79 (Iowa 2002), and "may be proved by inferences." *Reed*, 875 N.W.2d at 705. "Constructive possession may be inferred when the drugs . . . are found on property in the defendant's exclusive possession." *Id.*; *see also State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973) ("If the premises on which such substances are found are in the exclusive possession of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over such substances may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused the inference of knowledge is rebuttable and not conclusive."). Because the home was in Martin's exclusive possession, the jury could infer she was in constructive possession of the marijuana on the coffee table. Substantial evidence supports Martin's conviction, and we affirm.

**AFFIRMED.**