# IN THE COURT OF APPEALS OF IOWA

No. 23-0084
Filed April 24, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TYRELL JARULE GASTON,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Linn County, David M. Cox, Judge.


    A defendant appeals his criminal convictions, claiming evidentiary error.

**AFFIRMED.**


    Raya Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

    Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.


    Considered by Tabor, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

Many litigants view the requirement to preserve error for appeal as an unnecessary technicality or a trap used by appellate courts to avoid deciding appeals on the merits. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 42 (2006). Not true. Rather, "[i]mportant policies underlie error preservation rules," *id.*, which is why the requirement that issues "be both raised and decided by the district court before we decide them on appeal" is "a fundamental doctrine of appellate review." *State v. Trane*, 984 N.W.2d 429, 434–35 (Iowa 2023) (citation omitted). After all, appellate courts are courts "of review, not of first view." *State v. Hanes*, 981 N.W.2d 454, 460 (Iowa 2022) (citation omitted).

In this case—which should serve as a good reminder about the importance of preserving error—Tyrell Gaston was convicted for assault with intent to cause serious injury, intimidation with a dangerous weapon, and going armed with intent. At the end of the second day of trial, the State alerted the trial court that it wanted to admit sworn testimony a witness gave in Gaston's co-defendant's trial. The prosecutor noted, however, that she would need to do some research that evening on whether it would be permissible. When asked for Gaston's position on the issue, defense counsel said: "I don't think we resist it." The court later noted: "[I]f there's no objection to it coming in, that at least makes my job easier for not having to do the research." Defense counsel responded: "I don't think—yeah, we don't object." Then the court declared: "Okay. So with that, then, we'll allow it in." The following morning, the court confirmed with the parties that "there was no objection

by the Defendant to having this transcript read into the record." The witness's testimony from the co-defendant's trial was then read to the jury without objection.

Now, on appeal, Gaston claims the prior testimony of the unavailable witness was improperly admitted in violation of his Sixth Amendment right to confrontation. Gaston claims the above "conversation" among the parties and court was "sufficient to convey the potential error to the court, therefore, the issue was preserved on appeal." The State, of course, contests error preservation. Because Gaston consented to the admission of the evidence and did not otherwise raise the claim he makes on appeal, we agree with the State that error was not preserved and affirm without further opinion. *See Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting a litigant "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"); *State v. Schmidt*, 312 N.W.2d 517, 518 (Iowa 1981) (finding an evidentiary challenge waived and not preserved for appeal where defense counsel "affirmatively stated— twice—that he had no objection to the very evidence whose admission he now says amounts to reversible error"); *see also Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 322 (Iowa 2013) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal.").

**AFFIRMED.**